UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF VELASQUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO, N.A., et al.,<br><br>    Defendants. | Case No. 17-cv-03868-KAW<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 14 |

    Plaintiff Jeff Velasquez filed the instant case, alleging that under the terms of the Deed of Trust and Promissory Note, Plaintiff's principal balance could not increase beyond a maximum of 125% of the original principal balance of $220,000.00, or $275,000.00. (First Amended Compl. ("FAC") ¶ 10, Dkt. No. 11.) Plaintiff asserts that in May 2017, Plaintiff received a notice that his principal balance and deferred interest had grown to $335,000. (FAC ¶ 11.)

    Plaintiff originally asserted claims for declaratory relief and violation of California Business & Professions Code § 17200. (Dkt. No. 1 at 12.) Defendant Wells Fargo, N.A. then removed the case, and filed a motion to dismiss the complaint. (Dkt. Nos. 1, 7.) On July 24, 2017, Plaintiff filed an amended complaint, asserting claims for declaratory relief and violation of California Civil Code § 1788.17. (FAC ¶¶ 15, 19.) On July 28, 2017, Plaintiff filed an ex parte application for a temporary restraining order ("TRO application"), to restrain a foreclosure sale of Plaintiff's property scheduled for August 2, 2017. (Plf.'s Mot. at 4, Dkt. No. 14-3.) Defendant filed an opposition on July 31, 2017. (Def.'s Opp'n, Dkt. No. 22.)

    The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b).[1] Having reviewed the parties' filings, the Court DENIES Plaintiff's TRO

---

[1] Because the Court rules on the papers, Plaintiff's motion to appear by phone is DENIED as moot.

application.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 65(b) allows a court to issue a temporary restraining order to prevent "immediate and irreparable injury, loss, or damage . . . to the movant." The standard for issuing a temporary restraining order is "substantially identical" to that of a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Thus, as the moving party, Plaintiff has the burden of establishing that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Klein v. City of San Clemente*, 584 F.3d 1196, 1199 (9th Cir. 2009) (internal quotation omitted). All four factors must be established for an injunction to issue. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## II. DISCUSSION

The Court finds that Plaintiff is unable to establish that he is likely to prevail on the merits or that he can demonstrate a serious question going to the merits of his claims. Here, Plaintiff's claims are premised on his contention that the Promissory Note does not allow Plaintiff's principal balance to go over $275,000 cap, or 115% of the original principal balance of $220,000. (Plf.'s Mot. at 3.) Plaintiff appears to rely on the following language of the adjustable rate mortgage note:

> **(E) Deferred Interest, Additions to My Unpaid Principal**
> From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.
>
> **(F) Limit on My Unpaid Principal, Increased Monthly Payment**
> My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 4(C) [Payment Change

---

(Dkt. No. 17.)

2

> Dates] and 4(D) [Calculation of Payment Changes] above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date at the interest rate then in effect, in substantially equal payments.

(Velasquez Decl., Exh. A at 3[2], Dkt. No. 14-2.) Plaintiff asserts that contrary to this language, Defendant is now seeking a principal balance of nearly $300,000. (*Id.*; *see also* Velasquez Decl. ¶¶ 5, 6, Dkt. No. 14-2.) In support of his assertion, Plaintiff attaches a copy of a Notice of Trustee's Sale, which states that Plaintiff owes $297,474.30, which is above the $275,000 limit. (Velasquez Decl., Exh. B at 2.)

The fact that Plaintiff owes $297,474.30, however, does not mean that Plaintiff's *principal balance* is $297,474.30. Such an amount could, for example, include interest, late charges, and escrow amounts, all separate and apart from the principal balance. Indeed, Defendant provides a proof of claim dated February 18, 2015, which was filed in Plaintiff's recent bankruptcy proceeding. (Newman Decl., Exh. C, Dkt. No. 22-1.) The proof of claim seeks $276,300.36 in total, of which the principal balance makes up $207,558.70, well below the $275,000 threshold. (*Id.* at 4.) The remainder of the amount due includes interest, late charges, attorney's fees, advertisement costs, title costs, property inspection fees, escrow shortages. (*Id.* at 5-6.) Defendant also provides an account summary, dated May 1, 2017, which lists the unpaid principal balance as $203,576.80, again below the $275,000 threshold.[3] (*See* Newman Decl., Exh. B.) In contrast, Plaintiff provides insufficient evidence that the $297,474.30 he owes is made up solely of the principal balance, thus failing to establish his burden of showing that he is likely to prevail on the merits or present a serious question on the merits of his claims.

To the extent Plaintiff intends to assert that the total amount owed is the principal balance, the Court notes that Plaintiff's counsel has twice brought lawsuits alleging similar claims, *i.e.* that the total payoff amount of a loan exceeded a "cap" in the loan documents that provided that the

---

[2] This page number refers to the adjustable rate mortgage note.

[3] This account balance was also attached to Defendant's request for judicial notice in support of Defendant's July 14, 2017 motion to dismiss, as well as a currently pending motion to dismiss. (Dkt. No. 8, Exh. C; Dkt. No. 13, Exh. C.) Plaintiff did not address the document in his TRO application.

3

principal amount cannot exceed a certain percentage of the original amount loaned. In both cases, the argument was soundly rejected. In *Nadaf-Rahrov v. Shellpoint Mortgage Servicing*, the district court described the argument as "frivolous," explaining that:

> [t]he original loan . . . allowed for "negative amortization." Plaintiffs were permitted to make monthly payments in an amount that was less than the accruing interest. If they did so, the accrued interest would be added to the principal balance of the loan--up to a total of [115% of the original loan]. Paying the lesser amount was not a breach of the loan agreement. Once the principal loan balance reached that threshold, however, plaintiffs were required to make monthly payments in an amount at least equal to the accruing interest, and the principal balance would not continue to grow.
>
> This does not mean, however, that if plaintiffs failed to make those ongoing interest payments--thereby breaching the loan agreement-- they somehow would be relieved from the additional indebtedness, just because the principal loan amount was "capped" at 115%. Rather, at that point, missed interest payments became part of the total amount owed (*i.e.* principal, interest, and any other charges allowed under the loan agreements, such as reimbursement for advances on taxes and insurance).

Case Nos. 16-cv-2112-RS, 16-cv-6323-RS, 2016 U.S. Dist. LEXIS 162796, at *5 (N.D. Cal. Nov. 23, 2016).

Likewise, in *Diamos v. Fay Servicing, LLC*, the district court rejected the plaintiff's argument that the "principal balance" cap of $931,500 was exceeded because the current loan balance was $1,264,223.48. Case No. 16-cv-5164-DMR, 2016 WL 7230896, at *3 (N.D. Cal. Dec. 14, 2016). In arguing that any unpaid interest was added to the principal balance, the plaintiff pointed to language similar to that of the instant case, which stated that interest could become capitalized into the unpaid principal balance if the borrower's monthly payments were less than the interest payment. *Id.* at *3-4. The district court found that such language did not suggest that all accrued interest became part of the principal balance. *Id.* at *4. Instead, such language:

> provides for only one limited instance in which interest becomes capitalized into the unpaid principal balance . . . . It does not state that interest accrued by any other means, including interest accrued due to the borrower's default, is added to the principal balance of the loan. When read together with the maximum principal provision, [this language] addresses months in which the minimum monthly payment does not cover the interest portion and provides that the difference between the interest due and the minimum payment must be added to the principal balance. In the event that the unpaid

4

principal exceeds 115% of the original principal balance due to
                    th[at] situation . . . the maximum principal provision states that
                    Plaintiff must pay a new monthly payment "in an amount that would
                    be sufficient to repay [his] then unpaid Principal in full on the
                    Maturity Date in substantially equal payments at the current interest
                    rate." In this way, the two provisions seek to prevent excessive
                    negative amortization of the loan resulting from the borrower
                    making only minimum payments.

*Id.*

The Court, therefore, finds that Plaintiff has failed to show that he is likely to succeed on the merits, or that there are serious questions going to the merits. Because Plaintiff must establish all four elements to receive a temporary restraining order, Plaintiff's TRO application is DENIED. *See Aniel v. GMAC Mortg., LLC*, No. C 12-4201 SBA, 2012 WL 5373388, at *8 (N.D. Cal. Oct. 30, 2012) (denying TRO application because the "[p]laintiffs have not met their burden to establish a likelihood of success on the merits or raised 'serious questions' going to the merits, and because they must show each of the requisite elements to obtain a TRO"); *Michael J. Weber Living Trust v. Wells Fargo Bank, N.A.*, No. 13-cv-542-JST, 2013 WL 1196959, at *6 (N.D. Cal. Mar. 25, 2013) (denying TRO application because "the [p]laintiff has failed to establish that it is likely to succeed on the merits of its claim, or even that there is any serious question of the merits, [and therefore] it has failed to establish one of the required elements for preliminary injunctive relief"); *Galindo v. BSI Fin. Servs., Inc.*, Case No. 17-cv-21-LHK, 2017 WL 3007081, at *9 (N.D. Cal. July 14, 2017) (denying TRO application where the plaintiffs failed to establish a likelihood of success on the merits of their claims).

## III. CONCLUSION

For the reasons stated above, the Plaintiff's TRO application is DENIED.

IT IS SO ORDERED.

Dated: August 1, 2017

                                                KANDIS A. WESTMORE
                                                United States Magistrate Judge